GEORGE WING *vs.* JONATHAN P. BISHOP & another.

A mortgagee of chattels cannot maintain an action against an officer for attaching them as the property of the mortgagor, without first making the demand required by Rev. Sts. c. 90, §§ 78, 79, and *St.* 1844, *c.* 148, although his mortgage provides that upon the property being attached he may take immediate possession.

ACTION OF TORT for the conversion of personal property. At the trial in the court of common pleas before *Perkins*, J., the plaintiff gave in evidence a mortgage from one Rogers to himself, which provided that in case of attachment of the property he might take immediate possession; and also proved that in Bishop's presence and by his direction the other defendant, who was a deputy sheriff, attached and took the property, which was in possession of Rogers, upon mesne process in favor of Bishop against Rogers. Bishop gave in evidence an earlier mortgage from Rogers to himself. The other defendant was defaulted.

The judge ruled that, although Bishop had the earlier mortgage, " still, if the defendants did not take the property under said mortgage, but did take it by attachment on the writ in favor of Bishop against Rogers and under the direction of Bishop for another debt than that referred to in the mortgage, the fact that Bishop had such a mortgage would not help his defence, and the jury were to say whether in fact the defendants took under the mortgage or by the attachment."

Bishop requested the judge to rule " that as the property alleged to be converted was in Rogers's possession at the time of the alleged conversion and never in actual possession of the plaintiff, the plaintiff, under the conditions of his mortgage, had no such right to the immediate possession of said property, until a demand of the mortgage debt from Rogers was made, as to enable him to maintain this action for a conversion of the same."

But the judge declined so to rule; and instructed the jury " that if they were satisfied that the defendants took the property under an attachment for a debt against Rogers, then the

plaintiff, under the stipulation in the mortgage providing that he might take possession upon such attachment being made, might maintain this action."

The jury returned a verdict for the plaintiff, and, upon being inquired of by the court, stated that they found that the defendants took the property under attachment only, and not under Bishop's mortgage. Bishop alleged exceptions.

*G. A. Somerby,* for the defendant.

*E. F. Butler & N. St. J. Green,* for the plaintiff.

BIGELOW, J. The trial of this cause seems to have proceeded throughout upon a misapprehension. As between the plaintiff and the defendant Bishop, the latter had the older and better title under his mortgage, and it is difficult to see how the plaintiff can maintain an action of trespass against Bishop for taking that which was his own. Nor can it make any difference that the defendant took it into his possession under an attachment for a debt other than that secured by his mortgage. The right of the plaintiff to recover in this action must depend on his title to the property at the time of the alleged trespass, and not upon the fact that the defendant asserted a right to it which was not tenable. The case necessarily turned on a comparison of titles, and the defendant's was clearly paramount to that of the plaintiff.

But the plaintiff fails to show any cause of action, on the ground that the property was taken by Bishop under an attachment, irrespective of his title to it by virtue of an older mortgage. The attachment was legal and valid as against the plaintiff until he made a demand of the officer for the amount due under his mortgage, and the time allowed for the payment of this amount had expired. Without proof of such demand and a failure to pay the sum demanded, the defendants were not tortfeasors. No such demand was proved at the trial. Rev. Sts. *c.* 90, §§ 78, 79. *St.* 1844, *c.* 148. *Exceptions sustained.*